## UNITED STATES *v.* THOMAS.

*(District Court, S. D. Mississippi. May 20, 1886.)*

OBSCENE PUBLICATIONS AND PRINTS—MAILING OBSCENE WRITING—SEALED LETTER—SECTION 3893, REV. ST., CONSTRUED.

An obscene letter, sealed, is within the meaning of section 3893 of the Revised Statutes, which prohibits the mailing of every obscene writing, print, or other publication of an indecent character, etc.[1]

Defendant was indicted for depositing in the mail a certain obscene writing, inclosed in a letter envelope. Motion was made to quash the indictment upon the ground that the statute did not embrace sealed writings.

*J. B. Harris,* U. S. Atty., for the United States.

*J. S. Sexton,* for the motion.

HILL, J. The indictment against the defendant in substance charges that the defendant did unlawfully and knowingly (on a day named) deposit in a post-office (naming it) a certain obscene, lewd, and lascivious writing, addressed to a female (naming her) at a certain other post-office, (naming it,) and which said writing was then and there inclosed in a letter envelope, contrary to the provisions of section 3893 of the Revised Statutes of the United States, as amended by the act of congress approved July 12, 1876, and against the peace and dignity of the United States. The obscenity of the writing is given as a reason for not setting out the writing in the indictment.

The defendant moves to quash the indictment for the reason that

---

[1]See note at end of case.

it, being alleged that the writing was inclosed in a letter envelope, is not embraced in the act of congress alleged to have been violated, and that the indictment charges no criminal offense. Whether it does or not is the only question to be decided.

Considering the purpose of the statute, which evidently is to prevent the United States mail from becoming a vehicle for the transmission of obscene and lewd books, pictures, and writings, I am satisfied that such a writing as the one described in the indictment is embraced in the statute, though inclosed in a letter envelope and mailed; and would so hold if the statute were now to be construed for the first time; but it has been passed upon a number of times by judges of high character, and long experience, and some diversity of opinion.

The decision of Judge TURNER, of the Western district of Texas, in the case of *U. S.* v. *Comerford,* reported in the Criminal Law Magazine, 465, S. C. 25 Fed. Rep. 902, is mainly relied upon to sustain the motion. This decision is in direct conflict with that made in the case of *U. S.* v. *Gaylord,* 17 Fed. Rep. 438. The opinion of Judge DRUMMOND in this case, to my mind, is unanswerable. This case arose in the Southern district court of Illinois. Judge TREAT of that court, one among the oldest, as well as ablest, of our district judges, held that the statute referred to embraced letters or writings inclosed in letter envelopes addressed in the usual way with other letters. On writ of error from the circuit court, this ruling was sustained by Judge DRUMMOND, the circuit judge, whose opinions on all questions command the highest respect from the profession throughout the United States, and in which Justice HARLAN of the supreme court, assigned to that circuit, concurs.

If I had any doubt on the question, the concurrent opinion of three of such learned and eminent jurists ought to have more weight than that of a single judge, though of equal learning and experience; so that, in addition to my own convictions, I must hold that the weight of authority is in favor of the sufficiency of the indictment. Judge TURNER rests his conclusions on the supposition that the offense consists in its publication, and that the sending of a sealed writing is not a publication of its contents.

Section 5480 of the Revised Statutes makes it an indictable offense to use the mails of the United States in furtherance of any scheme to defraud others. These communications are usually sent in sealed envelopes.

As was held in the case of *U. S.* v. *Jones,* 10 Fed. Rep. 469: "The gist of the offense is the abuse of the mails. The mailing of the letter and the letter itself constitute the *corpus delicti.*" Other decisions might be cited; but, in my opinion, both by reason and the decided weight of authority, the objection made to this indictment is not well taken; therefore the motion to quash the indictment will be overruled.

NOTE.

Written communications of a private, personal character, emanating from a single person, and exhibiting no purpose of going beyond the one directly addressed, are not within the purview of section 3893 of the Revised Statutes, as amended by section 1, of the act of July 12, 1876, (19 St. 90,) relating to the mailing of obscene letters.   U. S. v. Williams, 3 Fed. Rep. 484.

A sealed letter, deposited in the mail, addressed to some one, is not a writing or a publication, within the purview of the first clause of section 3893 of the Revised Statutes, declaring obscene books, writings, etc., or "other publication of an indecent character," non-mailable.   U. S. v. Loftis, 12 Fed. Rep. 671.

A sealed letter is not within the prohibition of section 3893, however indecent or obscene in its contents; but if there is any such delineation put upon the envelope containing it, it thereby becomes non-mailable, and the person depositing it in the mail thereby commits a crime.   Id.

The mailing in a sealed envelope of a letter which, in whole or in part, contains matter which would have a depraving, a demoralizing, or a corrupting influence on the person to whose hands it might come, is an offense within the meaning of section 3893 of the Revised Statutes.   U. S. v. Britton, 17 Fed. Rep. 731.